TIEGA NOEL VARLACK (SBN 248203)
VARLACK LEGAL SERVICES
225 W. Winton Avenue, Suite 207
Hayward, CA 94544
Telephone: (510) 397-2008
Facsimile: (510) 397-2997
Email: tiega@varlacklegal.com

Attorney for Plaintiff
JEFFREY GEARHART

## IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY GEARHART,<br><br>               Plaintiff<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION and DOES 1-20 inclusive,<br><br>               Defendants. | **Case No:**<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## INTRODUCTION

1.      Plaintiff JEFFREY GEARHART (hereinafter, "JEFFREY") borrowed federal student loans to attend Wyotech (formerly d/b/a Sequoia Institute) and California Culinary Academy (formerly d/b/a Le Cordon Bleu) in 2003 and 2008, respectively.

2.      On two occasions, March 7, 2017 and August 27, 2017, JEFFREY has asserted to the Department of Education that he has a defense to the repayment of these loans under the loan terms and

federal law and regulation, based on multiple violations of federal and California law, as well as financial hardship.

3.      Particularly, JEFFREY asserted several borrower defense claims in objection to a proposed administrative wage garnishment in service of his federal student loans, namely: (a) false certification; (b) satisfaction of debt; and (3) financial hardship.

4.      JEFFREY's objections were denied by the Department of Education, and thus the administrative garnishment against him was authorized.

5.      An in-person hearing was never conducted nor was his evidence substantially addressed with regards to his objections by the Department of Education.

6.      JEFFREY brings this lawsuit to set aside the Department of Education's decision as a violation of the Administrative Procedures Act, 5 U.S.C. §§ 701 *et seq.*

## JURISDICTION AND VENUE

7.      This Court has jurisdiction pursuant to this claim under the Administrative Procedure Act, 5 U.S.C. § 702, pursuant to 28 U.S.C § 1331 and 28 U.S.C. § 2201.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(e)(1) because a substantial part of the events giving rise to the claim occurred, and Plaintiff JEFFREY resides, in this district.

## PARTIES

9.      Plaintiff JEFFREY resides in City of Fremont located in County of Alameda, State of California.  He works part-time as warehouse worker for Amazon.com, LLC, in Fremont.

10.      Defendants, the United States Department of Education and Betsy DeVos (hereinafter, "DeVOS"), in her official capacity as Secretary of the United States Department of Education (hereinafter, "DEPARTMENT").  DeVOS, in her official capacity, oversees all operations of the DEPARTMENT and the administration of the federal student loan programs.  Her oversight extends to

the administration of the Federal Family Education Loan Program (hereinafter, "FFELP") and involuntary collection through administrative wage garnishment thereunder.

## HISTORICAL AND PROCEDURAL BACKGROUND

11.     Title IV of the Higher Education Act of 1965 ("HEA"). 20 U.S.C. §§1070-1099, provides the statutory authorization for federal student loans, including the FFELP, *id.* at § 1071 *et seq.*

12.     The Secretary of Education oversees and is responsible for federal student loan programs.  20 U.S.C. § 1070.

13.     Under the Direct Loan program, the federal government directly issues student loans. 20 U.S.C. § 1087a.

14.     Under the FFELP, private lenders issued subsidized student loans, which were then insured by guaranty agencies and in turn insured by the Department.  *Id.* § 1078(b)-(c).

15.     A guaranty agency is "[a]  state or private nonprofit organization that has an agreement with the Secretary under which it will administer a loan guarantee program under the Act."  34 C.F.R. § 68200.

16.     Guaranty agencies are required to follow the regulations promulgated by the Secretary that dictate the procedures that the agencies must follow in administering FFELP loans.  34 C.F.R. Part 682, Subpart D.

### *Administrative Wage Garnishment*

17.     Administrative wage garnishment is a means of involuntary collection of a past-due debt owed to any agency of the federal government.  The Secretary is authorized to collect federal student loans by means of administrative wage garnishment.  20 U.S.C. § 1095a; 31 U.S.C. § 3720D(a).

*Plaintiff's Complaint for Damages & Injunctive Relief*
*Varlack Legal Services*

1
2

Administrative garnishments, however, must comply with the procedures prescribed by Congress. *See* 20 U.S.C §1095a(a); 31 U.S.C. §3720D(b).

3
4
5
6

18.     The HEA requires that a borrower be afforded "a hearing . . . on the determination of the Secretary or the guaranty agency, as appropriate, concerning the existence or the amount of the debt." 20 U.S.C. § 1095(a)(5)(b).

7
8
9
10

19.     Among other duties, "[a] guaranty agency must initiate administrative wage garnishment proceedings against all eligible borrowers" with defaulted FFELP loans, subject to limited exceptions not at issue.  34 C.F.R. § 682.410(b)(6)(vi).

11
12
13

20.     The Department has promulgated regulations that govern administrative wage garnishments and has provided guidance to the guaranty agencies by way of "Dear Colleague" letters and manuals on administrative wage garnishments.  *See* 34 C.F.R. Part 34, 34 C.F.R. 682.410.

14
15
16
17

21.     Before any administrative wage garnishment may commence, a guaranty agency must provide a borrower in writing with at least thirty (30) days of notice of the intent to garnish, and explanation of the borrower's rights, and applicable deadlines.  34 C.F.R. § 682.410(b)(9)(i)(A), (B).

18

22.     The form notice is approved by the Secretary.

19
20

23.     The guaranty agency must "offer the borrower an opportunity to inspect and copy agency records related to the debt."  34 C.F.R. § 682.410(b)(9)(i)(C).

21
22
23

24.     The guaranty agency must offer an opportunity for a hearing on any "any objection regarding the existence, amount, or enforceability of the debt."  34 C.F.R. § 682.410(b)(9)(i)(E)(1).

24
25

25.     A borrower who requests a hearing in writing is entitled to a hearing and to elect between an oral and written hearing.  34 C.F.R. § 682.410(b)(9)(i)(E)(2).

26
27
28

26.     If a borrower submits a written request for a hearing within thirty (30) days of receiving notice, "the guaranty agency may not issue a withholding order until the borrower has been provided the requested hearing and a decision has been rendered."  34 C.F.R. § 682.410(b)(9)(i)(G).

27.     According to the Secretary's manual on administrative wage garnishment, a decision on a borrower's objection to garnishment must be based on evidence presented and applicable laws and regulations.  The hearing official must make an independent, *de novo* determination on questions of law and fact raised by borrower objections to the existence, amount, and enforceability of the debt.

28.     "[U]nder no circumstances" may a hearing be conducted by someone under the supervision or control of the guaranty agency.  34 C.F.R. § 682.410(b)(9)(i)(I).

29.     Once issued, a garnishment order remains in effect until the guaranty agency rescinds the order or the debt is fully paid.  34 C.F.R. 34 C.F.R. § 682.410(b)(9)(i)(O).

30.     A decision on borrower's objection to administrative wage garnishment is subject to judicial review based on the administrative record.  *See, e.g.,* 78 Fed. Reg. 45618, 45645 (July 29, 2013) (explaining requirements of 34 C.F.R. § 682.410(b)(9)(i)(J)).

### ***Change to Legal Enforceability of Debt Based on False Certification***

31.     By regulation, a holder of a FFELP loan is "subject to all claims and defenses that the borrower could assert against the school with respect to that loan" if sufficiently close relationship existed between the school and the lender.  34 C.F.R. § 682.209(g).

32.     Since approximately 1994, every FFELP loan has been governed by a Master Promissory Note ("MPN") that contains similar language, providing that a borrower is entitled to assert, as a defense to a repayment of the loan, "all claims and defenses that the borrower could assert against the school" with respect to the loans.

33.     Direct Loans and FFELP loans have the same terms, conditions, and benefits.  HEA § 455(a), 20 U.S.C. § 1087e(a)(1).

34.     The Department has stated that borrower rights to assert defenses to loan repayment based on school misconduct are coextensive between the FFELP and Direct Loan program.  *See, e.g.,* 60 Fed. Reg. 37768-69 (Jul. 21, 1995).

35.     A Direct Loan regulation provides that "in any proceeding to collect" a loan, "the borrower may assert as a defense against repayment, any act or omission of the school attended by the student that would give rise to a cause of action against the school under applicable State law." 34 C.F.R. § 685.206(c)(1).  The regulation specifically identifies wage garnishment proceedings. *Id.* § 685.206(c)(1)(ii).

## FACTUAL ALLEGATIONS
### WyoTech (f/k/a/ Sequoia Automotive)

36.     In May 1997 JEFFREY began his studies at Sequoia Institute (now, and hereinafter, "WyoTech").

37.     That same year, JEFFREY obtained loans in the amount of $12,000.00 to attend WyoTech.

38.     The loan was serviced by Directloans.  Although later defendant would assert that Sallie Mae (now, and hereinafter "Navient") provided loans for the initial amounts of $8,312.00 and $9,435.00, that were consolidated under a Federal Direct Consolidation Loan (hereinafter, "FDCL") totaling $17,747.00.   This could not be correct as those loans originated in 2003, four years after JEFFREY completed his studies.

39.     Indeed, JEFFREY graduated in 1999 with a Certificate in Applied Automotive Technology.

*Plaintiff's Complaint for Damages & Injunctive Relief*
*Varlack Legal Services*

40.     JEFFREY made payments $400.00 a month on his $12k loan for years and believed that his account was paid in full. In 2002, while working for Wheelworks JEFFREY broke his back and was no longer able to work and went out on Worker's Comp.

41.     JEFFREY stopped received statements from Directloans in 2005, and thought that all payments had already been made, so he stopped making payments.

42.     JEFFREY has not heard from Directloans Since 2005, but instead defendant contends that interest and penalties have accrued exponentially on the $17,747.00 loan, and to date that loan has grown well beyond the initial distribution of $17,747.00.

43.     Despite plaintiff's contention that he never took of the $17,747.00 loan, that loan having been consolidated, the DEPARTMENT has attempted and continues to attempt to collect on what the DEPARTMENT alleges are two different loans issued to JEFFREY to attend WyoTech, particularly Account Nos. 14258678 ($16,798.97) and 14258683 ($17,548.64).

44.     JEFFREY has on several occasions contacted the DEPARTMENT to advise them of this error.

45.     To date, the DEPARTMENT has failed to correct their reporting error and has not substantiated proof of the existence of both or either of its accounts with regard to JEFFREY's duration at WyoTech.

### *California Culinary Academy (CCA) (f/k/a Le Cordon Bleu)*

46.     In July 2008, JEFFREY enrolled in a different vocational program at California Culinary Academy (hereinafter, "CCA").

47.      That same year, JEFFREY obtained two loans in the amount of $9,500.00.  The loans were comprised of $3,500.00 and $6,000.00, respectively.

*Plaintiff's Complaint for Damages & Injunctive Relief*
*Varlack Legal Services*

49.     After attending CCA for almost two years, JEFFREY was hit by a drunk driver and suffered a traumatic brain injury in addition to a broken back.

50.     His injuries prevented him from completing his courses at CCA and was never conferred a degree of completion.

51.     JEFFREY was able to defer his loans for a while, but after deferment ended his bills became due.

52.     JEFFREY and his mother made payments towards his loans totaling over $12,000.00.

53.     On or about July 27, 2011, JEFFREY's mother, contacted a collection agency assigned to these loans, Collection Bureau Hudson Valley, Inc., and settled the total loan balance with a payment in the amount of $6,030.00.

54.     On September 12, 2012, almost after a year after settling these accounts, JEFFREY received correspondence from CCT informing him of a Class Action Settlement that entitled him to forgiveness of his indebtedness for the loans associated with CCA.

55.     Despite the debt having been forgiven, the DEPARTMENT has continued its efforts in collecting this resolved debt and intercepted his 2015 Tax Return in the amount of $782.00.

56.     JEFFREY wrote several letters to the United States Department of Treasury disputing the interception of his tax return and provided copies of verification that showed that the debt had been resolved.

### *Objection to Administrative Wage Garnishment*
### *Initial Wage Garnishment hearing*

57.     In 2016, JEFFREY learned that the DEPARTMENT had intercepted his 2015 tax return to offset a previously resolved debt.

58. JEFFREY contacted the DEPARTMENT to inform them of the mistake.

---

8

*Plaintiff's Complaint for Damages & Injunctive Relief*
*Varlack Legal Services*

59.     On July 12, 2016, the DEPARTMENT mailed JEFFREY a letter alleging the validity and existence of the three loans: (1) a Federal Family Education Loan in the amount of $17,747.68 (Wyotech); (2) Federal Family Education Loan in the amount of $3,500.00; and (3) Federal Family Education Loan in the amount of $6,000.00.  All totaling $32,919.77.

60.     The July 12, 2016 letter further alleges that the balance traceable to CCA still exists and was not resolved through the class action settlement, which settled JEFFREY's student account.  It also declares that the DEPARTMENT is not answerable to any issues surrounding any misreporting by  the credit bureaus.

61.     JEFFREY hired an attorney following the unfavorable inquiry to the DEPARTMENT.

62.     In June 2017, JEFFREY, through and by his attorney, submitted an in-person Garnishment Hearing Request and submitted pertinent documentation such as copies of the promissory notes and correspondence from CCT.

63.     On June 20, 2017, the DEPARTMENT denied the in-person hearing and declared that JEFFREY had failed to provide sufficient information which showed the dispute could not be conducted through documentary review.

### *Financial Hardship*

64.     Following JEFFREY's initial garnishment hearing, a subsequent objection was submitted in May 2018 on the basis of financial hardship.

65.     The DEPARTMENT rendered a decision on that objection on July 3, 2018.

66.     The DEPARTMENT rejected JEFFREY's financial hardship claim despite his financial need.

67.     The July 3, 2018 Garnishment Hearing Request restates the same assertions as the earlier decision.

68.     On July 18, 2018, for the third time, JEFFREY requested a Garnishment Hearing.

69.     This request also resulted in an unfavorable decision rendered on September 19, 2018.

70.     To date, each and every objection filed by JEFFREY has been denied and  the DEPARTMENT never granted in-person hearing.

## CAUSE OF ACTIONS
**Violation of the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.***

71.     The above paragraphs are incorporated herein by reference.

72.     The APA requires the Court to "hold unlawful and set aside agency action" taken "without observance of procedure required by law." 5 U.S.C. § 706(2)(D).

73.     The DEPARTMENT is an "agency" under the APA. 5 U.S.C. § 551(1).

74.     The final agency decision rendered by the DEPARTMENT is an "agency action." 5 U.S.C. § 551(13).

75.     The decision constitutes "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in court."

76      DEPARTMENT denied JEFFREY's objection without providing the oral hearing requested and required by the DEPARTMENT's regulation.

77.     DEPARTMENT did not provide JEFFREY with an explanation of its decision sufficient to inform him of its rationale for denying the oral hearing and hisobjection to the garnishment on the ground that his loan is not legally enforceable.

78.     DEPARTMENT did not consider, or if it did consider, did not explain its decision in reference to, the evidence the evidence submitted  or available to the DEPARTMENT, regarding the legal enforceability of his debt.

*Plaintiff's Complaint for Damages & Injunctive Relief*
*Varlack Legal Services*

79.     DEPARTMENT's determination that JEFFREY's debt is legally enforceable is arbitrary, capricious, and contrary to law.

**Violation of the Fifth Amendment of the U.S. Constitution, 42 U.S.C. 1983** *et seq.*

80.     The above paragraphs are incorporated herein by reference.

81.     Under the Fifth Amendment to the Constitution, no person may be deprived of life, liberty, or property without due process of law.

82.     JEFFREY has constitutionally-protected interests in defending his property from government seizure without due process of law and reasonably relies on the DEPARTMENT to act in compliance with these constitutional requirements.

83.     JEFFERY also has a constitutionally-protected interest in the ability to work and pursue other professional opportunities without the threat of economic interference from the government.

84.     The action taking by DEPARTMENT against JEFFERY unlawfully deprives him of these constitutionally-protected interests without due process of law.  Such deprivation occurred with inadequate notice or an opportunity to be heard.

85.     DEPARTMENT therefore have violated the Fifth Amendment to the United States Constitution.

86.     JEFFREY was harmed and continues to suffer harm as a result of the DEPARTMENT's unlawful acts.

## PRAYER FOR RELIEF

WHEREFORE, JEFFREY respectfully requests that this Court enter a judgment and order for relief as follows:

A.     Finding that the DEPARTMENT's final decision regarding the administrative wage garnishment of JEFFREY's debt violates the Administrative Procedures Act;

*Plaintiff's Complaint for Damages & Injunctive Relief*
*Varlack Legal Services*

B.   Striking or setting aside DEPARTMENT's final decision regarding the administrative wage garnishment of JEFFREY's debt;

C.   Ordering the DEPARTMENT to withdraw authority for the administrative garnishment of DEPARTMENT's wages;

D.   Ordering the DEPARTMENT to provide JEFFREY a hearing in which to present evidence regarding his challenge to the legal enforceability of his debt;

E.   Declare that the DEPARTMENT's final decision is void and without legal effect.

F.   Declare the actions taken by DEPARTMENT are arbitrary, capricious, an abuse of discretion, otherwise not in accordance with law, and without observance of procedure required by law in violation of 5 U.S.C. §§702-706;

G.   Declare that the DEPARTMENT's actions are in violation of the Constitution and contrary to the laws of the United States;

H.   Preliminarily and permanently enjoin and restrain DEPARTMENT, their agents, servants, employees, and all persons in active concert or participation with any if them, from implementing or enforcing the final decision and from taking any other action to collect the disputed debt;

I.   Ordering DEPARTMENT to pay the cost of this action, together with reasonable attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A), as determined by the Court;

J.   Declaratory judgment that loans are discharged as paid in full;

K.   Return of all seized funds including 2015 tax return and garnished wages;

L.   Restoration of credit worthiness Nunc pro tunc;

M.   Preliminary and permeant injunction against all robocalls and collection calls;

*Plaintiff's Complaint for Damages & Injunctive Relief*
*Varlack Legal Services*

N.  Instructions to DeVos and Department to follow for similarly situated borrowers; and

O.     Granting such other and further relief as the Court may deem just and proper.

Dated:  February 11, 2019.                                   Respectfully submitted,


                                                            /s/Tiega-Noel Varlack
                                                            Tiega Noel Varlack
                                                            Attorney for Plaintiff

---

*Plaintiff's Complaint for Damages & Injunctive Relief*
*Varlack Legal Services*