1

2

3

4

5

6

7                          UNITED STATES DISTRICT COURT

8                        NORTHERN DISTRICT OF CALIFORNIA

9

10   **JEFFREY GEARHART,**                      Case No. 19-cv-00750-YGR
                      Plaintiff,
11                                              **ORDER GRANTING MOTION TO DISMISS**
                                                **WITH LEAVE TO AMEND**
12          v.
                                                Re: Dkt. No. 18
13   **UNITED STATES DEP'T OF EDUC., ET AL.,**
                      Defendants.
14

15          Plaintiff Jeffrey Gearhart ("Gearhart"), federal student loan borrower, brought this action

16   against defendants United States Department of Education ("the Department") and Secretary of

17   Education Betsy DeVos ("the Secretary") alleging violations of his due process rights under the

18   Fifth Amendment pursuant to 42 U.S.C. section 1983 and the Administrative Procedure Act

19   ("APA").  In his complaint filed February 11, 2019, Gearhart alleges the Department denied his

20   request for an oral hearing on his objection to a tax garnishment to collect on his federal student

21   loan debt.  Gearhart seeks injunctive and declaratory relief.  (Dkt. No. 1, Complaint.)

22          The Secretary and the Department bring the instant motion to dismiss (Dkt. No. 18)

23   pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.  Defendants

24   also move pursuant to Rule 12(b)(1) to dismiss or strike plaintiff's prayer for injunctive and

25   declaratory relief for lack of subject matter jurisdiction because the Higher Education Act of 1965

26   ("HEA") explicitly prohibits injunctive relief against the Department.

27           Having carefully considered the papers submitted, and for the reasons set forth below, the

28   Court hereby **ORDERS** that the Motion to Dismiss is **GRANTED WITH LEAVE TO AMEND.**

United States District Court
Northern District of California

## I. BACKGROUND

The complaint alleges as follows:

In 1997, Gearhart obtained a $12,000 Federal Family Education Loan Program (FFELP) loan to attend WyoTech for a certification in Applied Automotive Technology. (Complaint ¶¶ 36, 37.)[1] Plaintiff graduated in 1999 and made payments of $400 per month for several years thereafter. (*Id.* ¶ 39, 40.) When Plaintiff stopped receiving statements in 2005 from the servicer, Directloans, he believed his account was paid in full, so he stopped making monthly payments. (*Id.* ¶¶ 40, 42.)

Thereafter, the Department mistakenly attempted to collect from Gearhart on a separate "loan" originated in 2003, though he had completed his studies at Wyotech four years prior to that time. (*Id.* ¶ 38.) The Department failed to correct the records despite plaintiff's multiple attempts to resolve this error. (*Id.* ¶¶ 38, 44, 45.)

In July 2008, Gearhart enrolled in a different vocational program at the California Culinary Academy ("CCA") and obtained two loans in the amounts of $3,500 and $6,000. (*Id.* ¶¶ 46, 47.) Gearhart was hit by a drunk driver two years into his CCA program and sustained serious injuries which preventing him from completing his course of study. (*Id.* ¶¶ 49, 50.) Gearhart deferred his CCA loans for a period of time, and then he and his mother made payments totaling over $12,000 towards them. (*Id.* ¶ 52.) In July 2011, Gearhart's mother settled the total CCA loan balance with Collection Bureau Hudson Valley, Inc. by making a payment of $6,030. (*Id.* ¶ 53.) In September 2012, plaintiff received correspondence notifying him of a class action settlement that entitled him to forgiveness of the CCA loans. (*Id.* ¶ 54.)

In 2016, Gearhart learned that the Department had intercepted his 2015 Tax Return to collect on student loan debt the Department believed he owed. (*Id.* ¶ 57.) On July 12, 2016, the Department sent him a letter alleging the validity and existence of three FFELP loans in Gearhart's name, in the amounts of (i) $17,747.68, (ii) $3,500, and (iii) $6,000, and a balance

---

[1] The Court notes that plaintiff's allegations as to the date of the loan for attending Wyotech are internally inconsistent. (*Compare* Complaint at ¶ 1 [alleging 2003] *with* ¶¶ 36, 37 [alleging 1997].) In amending his complaint, plaintiff is directed to correct this error.

owed of $32,919.77.  (*Id*. ¶ 59.)  In the July 12 letter, the Department also denied any responsibility for alleged credit bureau misreporting and asserted that the part of the balance traceable to plaintiff's schooling at CCA was not resolved by the class action settlement.  (*Id*. ¶ 60.)

In June 2017, by and through his counsel, Gearhart submitted a request for an oral wage garnishment hearing, including as supporting documentation his loan promissory note and correspondence with CCA.  (*Id*. ¶ 62.)  The Department denied Gearhart's request on grounds that he failed to provide enough information to show the dispute could not be conducted through documentary review.  (*Id*. ¶ 63.)  In May 2018, Gearhart submitted a second request to the Department for an oral hearing, asserting financial hardship as a defense against wage garnishment.  (*Id*. ¶ 62.)  The Department rejected the financial hardship claim and his hearing request as well.  (*Id.* ¶ 66.)  Gearhart submitted a third request for a hearing, which the Department subsequently denied in September 2018.  (*Id*. ¶ 69.)

## II.     APPLICABLE STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted.  To survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when the plaintiff pleads facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  There must be "more than a sheer possibility that a defendant has acted unlawfully." *Id*.  While courts do not require the "heightened fact pleading of specifics," a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555, 570.

A defendant may raise the defense of lack of subject matter jurisdiction by motion pursuant to Federal Rule of Civil Procedure 12(b)(1).  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).  The party asserting jurisdiction always bears the burden of establishing subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

## III. DISCUSSION

### A. Section 1983 Claim

Defendants argue that no section 1983 claim can be stated against them because they are not alleged to be persons acting under color of state law. To state a section 1983 claim, a plaintiff must allege conduct: (1) committed by a "person" (2) acting "under color of state law" which (3) deprived the plaintiff of a constitutional right. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1988). Section 1983 only provides a remedy against persons acting under color of *state* law.[2] Agencies and officials acting in their official capacity under federal law are not "persons" acting "under color of state" for purposes of the statute, except in narrow circumstances not alleged here. *See Ibrahim v. Dep't of Homeland Sec.*, 538 F.3d 1250, 1257 (9th Cir. 2008) (section 1983 generally does not provide a remedy against federal defendants acting pursuant to federal laws); *Cabrera v. Martin*, 973 F.2d 735, 742, 744 (9th Cir. 1992) ("federal officials acting under federal authority are generally not considered to be state actors" unless they have conspired with or acted in concert with state officials and there is a "sufficiently close nexus between the State and the challenged action of the [federal actors] so that the action of the latter may be fairly treated as that of the State itself."); *see also Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987) (where "allegations are against federal officials acting under color of federal law" section 1983 does not apply and ". . . the only possible action is an action under the authority of *Bivens*").

Here, Gearhart has alleged conduct by a federal agency and federal official, the Secretary. Gearhart contends that the disputed loans were disbursed by *state* guaranty agencies acting on behalf of the Department and the Secretary, and therefore the Department acts under color of state

---

[2] *See also Polsky v. United States*, 844 F.3d 170, 173 (3d Cir. 2016) (Section 1983 does not apply to federal actors) (citing *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir. 2001) ("It is well established that liability under § 1983 will not attach for actions taken under color of federal law."); *Hinds v. F.D.I.C.*, 137 F.3d 148, 158 (3d Cir. 1998) (Because federal agencies are not "persons" within the meaning of section 1983, plaintiff cannot hold the Department liable for acting pursuant to federal law.); *Accardi v. United States*, 435 F.2d 1239, 1241 (3d Cir. 1970) ("The United States and other governmental entities are not 'persons' within the meaning of Section 1983.")

law when it garnishes wages to collect on those loans.[3]  The Department argues that it is not a

guaranty agency and acts under color of *federal* law, not state law.  *See Martinez v. United* States,

812 F. Supp. 2d 1052, 1058 (C.D. Cal. 2010) (a section 1983 claim cannot be brought against the

Department or the Secretary for acting under color of federal law.)  "To transform a federal

official into a state actor, [the claimant] must show that there is a symbiotic relationship between

the [federal defendants] and the state such that the challenged action can fairly be attributed to the

state." *Cabrera*, 973 F.2d at 742–43 (9th Cir. 1992) (internal citations omitted).  Here, plaintiff has

not alleged such a relationship between the Department or Secretary and the state guaranty

agencies such as would transform the federal actors' garnishment process conduct into conduct

attributable to a state agency or actor.  In short, neither defendant here is a "person acting under

color of state law."[4]  The motion to dismiss the section 1983 claim on these grounds is **GRANTED**.

### B.   APA Claim

Gearhart's second claim alleges that the Department and the Secretary violated the APA by

denying him an oral hearing without explanation, and by denying his objections to garnishment

without a sufficient rationale in its decision rendered September 19, 2018.  Gearhart alleges that he

was entitled to an oral hearing to present these objections pursuant to the regulations at 34 C.F.R.

section 682.410.  (Complaint ¶¶ 64-70, 77-78.)  Section 682.410 states, in pertinent part, that

"the guaranty agency must offer the borrower an opportunity for a hearing in accordance with

---

[3] The Secretary is sued in her official capacity and is alleged to oversee all operations of the Department including administration of the FFELP.  The Secretary is alleged to be authorized by statute to collect federal student loans by means of administrative wage garnishment. (Complaint ¶17.)  However, the allegations of the two claims themselves do not state any additional conduct by the Secretary in violation of the APA or section 1983.  (*Id.* ¶¶ 71-86.)

[4]  Defendants further argue that, to the extent plaintiff intended to allege a federal tort claim, the Federal Tort Claims Act ("FTCA") does not waive sovereign immunity for claims against the Department for acting in its official capacity, and such a claim would fail as well.  *See* 28 U.S.C. § 1346(b) (FTCA waives sovereign immunity for claims of (1) property damage or personal injury; (2) caused by the negligent or wrongful act or omission of an employee of the federal government; (3) while acting within the scope of his office or employment; (4) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the state in which the act or omission occurred.); *F.D.I.C. v. Meyer*, 510 U.S. 471, 475-78 (1994) (constitutional tort claims cannot be brought against the United States, federal agencies, or federal employees acting in their official capacities.)  In amending his complaint, Gearhart is directed to bear these limitations in mind.

paragraphs (b)(9)(i)(F) through (J) of this section . . . for any objection." 34 C.F.R. §

682.410(b)(9)(i)(E)(1).

First, defendants argue that the cited regulations are not applicable to the Department's

garnishment procedures, so he has not alleged a basis for challenging the Department's denial of

an oral hearing. Section 632.410 refers to a 'guaranty agency,' which is defined as a "state or

private nonprofit organization that has an agreement with the Secretary under which it will

administer a loan guarantee program under the Act." 34 C.F.R. § 682.00. Thus, the regulation

cited by plaintiff does not apply to the Department, but only to wage garnishments by guaranty

agencies.[5]

The Court agrees that Gearhart's complaint relied on an inapplicable set of regulations.

Instead, the regulations at 34 C.F.R. section 34.1 *et seq.* appear to apply to wage garnishment by

the Department. The regulations applicable to the Department address the conditions for granting

an oral hearing as follows:

> 34.8 (a) We provide a hearing if you submit a written request for a hearing
> concerning the existence, amount, or enforceability of the debt or the rate of wage
> withholding.
> (b) At our option the hearing may be an oral hearing under § 34.9 or a paper
> hearing under § 34.10.
>
> 34.9 (a) We provide an oral hearing if you--
> (1) Request an oral hearing; and
> (2) Show in the request a good reason to believe that we cannot resolve the issues
> in dispute by review of the documentary evidence, by demonstrating that the
> validity of the claim turns on the credibility or veracity of witness testimony.
> (b) If we determine that an oral hearing is appropriate, we notify you how to
> receive the oral hearing.

*See* 34 C.F.R. §§ 34.8, 34.9. The regulations also provide for judicial review of a final action by

the Department and Secretary. 34 C.F.R. § 34.17.

With the applicable regulations in mind, Gearhart has not alleged he provided "good

---

[5] Gearhart also cites to 34 C.F.R. § 682.209(g) to support his contention that a borrower
may assert defense claims against any holder of a FFELP. However, those regulations apply to
*lenders* on FFELP loans, not *holders*. *See* 34 C.F.R. § 682.209(g) ("any *lender* holding a loan is
subject to all claims and defenses that the borrower could assert against the school with respect to
that loan if…") (emphasis supplied). Per statute, neither the Department nor the Secretary is
considered a *lender* under the FFELP. *See* 20 U.S.C. § 1019(6)(A)(ii) (noting that the Secretary is
not considered a lender under the FFELP.)

reason to believe that we cannot resolve the issues in dispute by review of the documentary evidence, by demonstrating that the validity of the claim turns on the credibility or veracity of witness testimony," or that the Department denied his request for an oral hearing despite such a showing.  Thus, dismissal of the APA claim on these grounds is warranted.[6]

The motion to dismiss the APA claim is **GRANTED WITH LEAVE TO AMEND** to allege facts to support a claim that Gearhart was denied his procedural rights under the applicable regulations, or that he is entitled to judicial review of the Department's decision, under the APA. *See* 34 C.F.R. §§ 34.8, 34.9, 34.17.

## C.     Higher Education Act of 1965 ("HEA")

Gearhart petitions for injunctive and declaratory relief under 34 C.F.R. § 681.209(g), which states that plaintiff has the right to assert all "borrower defense claims" against any holder of an FFELP.  (Complaint ¶¶ A-O.)  The Department contends that because this action concerns collection of student loan debt, it is governed by the HEA, which bars injunctive relief or declaratory relief which has the same effect as an injunction.  Defendants therefore argue that the Court is without subject matter jurisdiction to address such claims.

The HEA sue-and-be-sued provision is found at 20 U.S.C. section 1082(a)(2).  Section 1082 provides, in relevant part:

> In the performance of, and with respect to, the functions, powers, and duties, vested in him by this part, the Secretary may . . . [¶] sue and be sued . . . in any district court of the United States, and such district courts shall have jurisdiction of civil actions arising under this part without regard to the amount in controversy . . . **but no attachment, injunction, garnishment, or other similar process,** mesne or final, shall be issued against the Secretary or property under the Secretary's control.

20 U.S.C. § 1082(a)(2) (emphasis added).  The Ninth Circuit has held that section 1082 prohibits injunctive relief against the Department, as well as declaratory relief when such declaratory relief

---

[6] Defendants further argue that Gearhart failed to state an APA claim because he did not allege "(1) a final agency action and (2) a legal wrong suffered because of the challenged action." *See Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 882-83 (1990).  To the contrary, Gearhart's complaint alleges the Department denied his objections on the grounds of financial hardship and unenforceability to render unfavorable decision on September 19, 2018. (Complaint ¶ 70.)  This sufficiently alleges a final agency action and the wrong suffered thereby.  However, the complaint as currently framed does not allege a challenge to that final agency action with clarity.

would produce the same effect as an injunction. *See American Ass'n of Cosmetology Schools v. Riley*, 170 F.3d 1250, 1253-54 (9th Cir. 1999) ("the relief requested is plainly coercive and therefore prohibited by the anti-injunction statute no matter what name it's given").

Therefore, the motion to dismiss on the grounds that plaintiff's requests for declaratory and injunctive relief prohibited by the HEA is **GRANTED WITH LEAVE TO AMEND.** It appears to the Court that plaintiff's relief may be limited to judicial review of the final decision of the Department. *See* 34 C.F.R. §§ 34.8, 34.9, 34.17. However, plaintiff is granted leave to amend to allege any appropriate relief available against defendants, along with the legal basis for such relief.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Department's motion to dismiss with leave to amend. Plaintiff's amended complaint shall be filed no later than **August 9, 2019**.

Defendants' response shall be filed within 21 days thereafter.

The Court **SETS** a case management conference for 2:00 p.m. on **September 16, 2019**, in Courtroom One, U.S. District Courthouse, 1301 Clay Street, Oakland.

This terminates Docket No. 18.

**IT IS SO ORDERED.**

Dated: July 22, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**