1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2  SARA WINSLOW (DCBN 457643)
   Chief, Civil Division
3  ALISON E. DAW (CABN 137026)
   Assistant United States Attorney
4  450 Golden Gate Avenue, Box 36055
   San Francisco, California 95102-3495
5  Telephone: (415) 436-7073
   FAX: (415) 436-6748
6  E-mail: Alison.Daw@usdoj.gov

7  Attorneys for the Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| JEFFREY GEARHART,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION, et al.,<br><br>Defendants. | Case No. 19-CV-0750 YGR<br><br>DECLARATION OF ALISON E. DAW AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT<br><br>Date: October 9, 2019<br>Time: 2:00 p.m.<br>Place: Courtroom 1, 4th Floor<br><br>HON. YVONNE GONZALEZ ROGERS |

I, Alison E. Daw, declare as follows:

1. I am an attorney duly licensed to practice in the State of California and admitted to practice before this Court. I make this declaration and request for judicial notice in my capacity as Assistant United States Attorney and counsel for Defendants in this action.

2. Based upon the content of the CCT letter, referred to in the first amended complaint at paragraph 54 and attached as Exhibit A to Cristin O'Keefe's Declaration, I conducted Internet research regarding the settlement of the California Culinary Academy class action case. My research revealed that the class action, entitled *Amador v. California Culinary Academy, et al.*, had been filed in San Francisco Superior Court and assigned Case No. CGC-07-467710. I discovered that class counsel in that case had a website that remained accessible: http://www.ccaclasscounsel.com/. On the website, I encountered a link to a document identified as "110407 Notice Final.pdf." I followed the link and encountered a document entitled "San Francisco Superior Court, Notice of Pending Class Action and Proposed Settlement." A true and correct copy of that document is attached hereto as Exhibit A.

3. The text of the document indicates that it was authorized by the San Francisco County Superior Court. The document also contains detailed information about the class action and the terms of the proposed settlement. On the very first page, there is a notice in all capital letters that there are five important points about the settlement that class members must understand. Number one on that list includes the following text regarding the proposed settlement: "It also provides for the cancellation of approximately $1.8 million in debts that certain students owe directly to CCA or CEC."

4. At pages 5-6, in the "frequently asked questions" section at number 11, the notice provides, in part: "The Settlement also provides that Defendants [CCA and CEC] will cancel approximately $1.8 million in debts that some of you owe directly to them.

5. Defendants request that the Court take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence of both the CCT letter attached as Exhibit A to the O'Keefe Declaration and the Notice of Pending Class Action and Proposed Settlement attached hereto as Exhibit A.

6. Pursuant Fed. R. Evid. 201, a court may take judicial notice of information that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Courts may take judicial notice of matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125-26 (9th Cir. 2002); Fed. R. Evid. 201. In *Caldwell v. Wells Fargo Bank, N.A.*, Case. No. LA CV 12-09373 JAK (FFMX), 2012 WL 12892687, at *3 (C.D. Cal. 2012), the district court took judicial notice of a court-approved class action settlement, which it found encompassed Plaintiff's claims. In *Haldiman v. Cont'l Cas. Co.*, No CV-13-00736-PHX-GMS, 2013 WL 3967622, at n.1 (D. Ariz. 2013), *aff'd in part*, 666 App'x 612 (9th Cir. 2016), the district court took judicial notice of the insurance policy and the class action settlement notice, observing that they were documents whose contents were alleged in the complaint and whose authenticity no party questioned.

7. Plaintiff was the source of the CCT letter, having submitted it to the Department. He has no reason to question its authenticity.

8. The Notice of Pending Class Action and Proposed Settlement is a document authorized by the San Francisco County Superior Court and appearing on a website the purpose of which is to communicate information to class members. Moreover, the notice is consistent with the information in the CCT letter. The accuracy of a notice of proposed settlement from class counsel's website cannot reasonably be question.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 29th day of August, 2019, at San Francisco, California.

*/s/ Alison E. Daw*

ALISON E. DAW

DAW DECLARATION AND REQUEST FOR JUDICIAL NOTICE ISO DEFENDANTS' MOTION TO DISMISS
CASE NO. 19-CV-0750 YGR                    3