UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JEFFREY GEARHART,

        Plaintiff,

    v.

UNITED STATES DEP'T OF EDUC., ET AL.,

        Defendants.

Case No. 19-cv-00750-YGR

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FIRST AMENDED COMPLAINT**

Re: Dkt. No. 27

Plaintiff Jeffrey Gearhart ("Gearhart"), federal student loan borrower, brought this action against defendants United States Department of Education ("the Department") and Secretary of Education Betsy DeVos ("the Secretary") based upon its actions in garnishing his tax returns in collection of alleged student loan debt. Defendants previously moved to dismiss Gearhart's complaint, which motion was granted with leave to amend.

In his First Amended Complaint filed August 9, 2019 (Dkt. No. 26 ["FAC"]), Gearhart alleges violations of the Administrative Procedure Act ("APA") and a *Bivens* Claim for violation of his rights under the Fifth Amendment of the Constitution. In support of his APA claim, Gearhart alleges that the Department's denial of his unenforceability and financial hardship objections, and its refusal to provide him an in-person hearing to challenge its determination, were final agency decisions that were arbitrary, capricious, and contrary to law. (FAC ¶¶ 57-71, 75-80.) In support of his *Bivens* claim, he alleges that the Department has unlawfully deprived him of property without due process of law. (FAC ¶¶ 82-87.)

The Secretary and the Department now bring a motion to dismiss the FAC (Dkt. No. 27) pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and 12(b)(6) for failure to state a claim upon which relief can be granted.

Having carefully considered the papers submitted, and for the reasons set forth below, the Court hereby **ORDERS** that the Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART WITHOUT LEAVE TO AMEND**.

With respect to the APA claim, plaintiff has alleged facts sufficient to state a claim for judicial review of the Department's denial of his enforceability and financial hardship objections without an opportunity for an in-person hearing to present information was arbitrary, capricious, or contrary to law. Under the APA, a reviewing court may set aside agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). An agency acts arbitrarily if it "entirely fail[s] to consider an important aspect of the problem" or if it "offer[s] an explanation that runs counter to the evidence before the agency." *Earth Island Institute v. Carlton,* 626 F.3d 462, 468–69 (9th Cir.2010).[1]

Defendants do not contest that the agency decisions plaintiff identifies in the complaint are final decisions for purposes of APA review. (Motion at 5:5-6.) The FAC alleges that the Department did not provide plaintiff with an explanation of its rationale for denying his objections and request for hearing, nor did it consider, or at least explain its decision with reference to, evidence he offered regarding his employment history and the legal enforceability of the debt. (FAC ¶¶ 62, 65, 68, 78, 79.) Moreover, he alleged facts that his mother made $12,000 in payments on his loans from one institution, that she settled the remaining debt with a collection agency, that a class action settlement forgave his debt to that same institution, and that he paid $12,000 in payments for loans to the other institution. (FAC ¶¶ 40-45, 52-54.) Plaintiff is not required to append copies of the decisions to his pleading, or to allege detailed facts to refute defendants' contentions, in order to state a claim for judicial review of the Department's decisions. Further, as defendants acknowledge, on a motion to dismiss, the Court cannot consider any of the factual evidence they attempt to put before the Court to dispute plaintiff's allegations. (*See*

---

[1] *V. Real Estate*, cited by defendants, is not to the contrary. Indeed, the court there denied dismissal where the plaintiff alleged the agency violated the APA and its own regulations by revoking petitions without sufficient justification. *V. Real Estate Grp., Inc. v. U.S. Citizenship & Immigration Servs.*, 85 F. Supp. 3d 1200, 1213 (D. Nev. 2015).

Motion at 6:16-18.)[2]  Therefore, the Court **DENIES** the motion to dismiss with respect to the APA cause of action.

With respect to plaintiff's *Bivens* cause of action, defendants argue that plaintiff cannot allege a constitutional tort claim against them and the Court lacks subject matter jurisdiction as a result.  While plaintiff names the Secretary as a defendant (FAC ¶ 10), he offers no allegations against her, instead alleging the *Bivens* cause of action in the FAC against the Department only.  The Department is not a proper defendant to the claim.  In *Bivens v. Six Unknown Fed. Narcotics Agents,* 403 U.S. 388 (1971), the United States Supreme Court permitted a "cause of action for damages against federal *agents* who allegedly violated the Constitution." *F.D.I.C. v. Meyer*, 510 U.S. 471, 473 (1994) (emphasis supplied).  Federal agencies themselves cannot be sued under a *Bivens* theory.  *Id*. at 484-86 (there is no *Bivens*-type cause of action against a federal agency directly).  Thus, to the extent plaintiff purports to state a claim against the Department in his *Bivens* claim, the claim must be dismissed.  Given that plaintiff does not argue any basis for amending the claim, or address this argument in his opposition at all, the Court finds that no leave to amend would be warranted.  Therefore, the motion to dismiss the *Bivens* claim is **GRANTED WITHOUT LEAVE TO AMEND**.

Finally, defendants argue that the Higher Education Act ("HEA"), 20 U.S.C. §§ 1070 *et seq.*, bars relief against them that is injunctive in nature.  Defendants move to dismiss portions of plaintiff's prayer for relief (paragraphs C, D, I and J) on the grounds that they would act as the equivalent of injunctive relief.  Those paragraphs seek: an order that the Department withdraw authority for garnishment of plaintiff's wages; provide plaintiff a hearing; return of garnished funds; and restore plaintiff's credit worthiness.  (FAC Prayer ¶¶ C, D, I, J.)  The HEA includes a "sue and be sued" provision which permits a civil action to be filed against the Secretary but

---

[2]  The declaration of Alison E. Daw and Request for Judicial Notice (Dkt. No. 28) and the declaration of Cristin O'Keefe (Dkt. No. 29) are not matters properly considered in connection with the motion to dismiss pursuant to Rule 12(b)(6).  The Court **ORDERS** that they are **STRICKEN** and has not considered them in connection with this motion.  Counsel is cautioned not to offer evidence that cannot be considered properly by the Court, even if she believes it "adds value" or "provides clarity" to her arguments.  (Motion at 6:17-18.)

prohibits actions for injunctive relief.  20 U.S.C. § 1082(a)(2).  This prohibition extends to suits for declaratory relief or mandamus relief.  *See Mashiri v. Dep't of Educ.*, 724 F.3d 1028, 1031 (9th Cir. 2013) (citing *Am. Ass'n of Cosmetology Schs. v. Riley,* 170 F.3d 1250, 1253–55 (9th Cir.1999)).  However, specific relief requiring the Secretary of Education to perform a duty imposed by law may nevertheless be ordered, even in the face of the prohibition in section 1082, if the conduct alleged is determined to be beyond the statutory limits on the Secretary's power.  *Id.* at 1031-32, *see also Carr v. DeVos*, 369 F. Supp. 3d 554, 561 (S.D.N.Y. 2019) (finding request for declaratory relief sought in connection with APA review to be a "distinction with a difference" from a declaratory relief claim barred by section 1082(a)(2) of the HEA); *Calise Beauty Sch., Inc. v. Riley*, 941 F. Supp. 425, 430 (S.D.N.Y. 1996) (plaintiff may be entitled to declaratory relief under APA review of Secretary's decision, even if HEA precludes other injunctive and declaratory relief).  The Court therefore **DENIES** the motion to dismiss the identified paragraphs of the prayer at this juncture, without prejudice to raising the propriety of any relief in connection with plaintiff's APA claim in further proceedings.

Defendants shall file an answer to the FAC within 21 days of this Order.  A case management conference is set for Monday, **December 9, 2019**, at 2:00 p.m. in Courtroom 1, U.S. District Courthouse, 1301 Clay Street, Oakland.

This terminates Docket No. 27.

**IT IS SO ORDERED.**

Dated: October 25, 2019

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**