UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY GEARHART,<br>    Plaintiff,<br>v.<br>UNITED STATES DEPT. OF EDUC., ET AL.,<br>    Defendants. | Case No. 19-cv-00750-YGR<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR DISCOVERY AND SUPPLEMENTATION OF RECORD WITHOUT PREJUDICE; REVISING SUMMARY JUDGMENT BRIEFING SCHEDULE**<br><br>Re: Dkt. No. 46 |

Plaintiff Jeffrey Gearhart ("Gearhart") moves the Court for an order permitting him to conduct discovery to supplement the administrative record in this matter. (Dkt. No. 46.) Gearhart's complaint seeks review of final agency decisions of the United States Department of Education ("the Department") under the Administrative Procedure Act ("APA") on the grounds that the decisions were "arbitrary and capricious, an abuse of discretion, or otherwise not in accordance with the law." 5 U.S.C. § 706(2)(A). Plaintiff contends the administrative records lodged by the Department—three records totaling 132 pages (Dkt. Nos. 39, 40, 41)—are incomplete and insufficient for the Court to review the Department's alleged lack of rational decision-making. Having considered the motion and opposition thereto, and for the reasons stated herein, the motion is **DENIED WITHOUT PREJUDICE**.

Plaintiff states that he seeks to "supplement the record with his account of "non-recorded oral evidence," correspondence from third parties relating to the validity of the student loan debt, and seeks an opportunity to engage in limited discovery, written and oral." (Motion, Dkt. No. 46, at 2:9-12.) Plaintiff notes that the administrative records do not include evidence of statements made in phone calls between him and the Department. He seeks discovery in the form of testimony from the Secretary of Education explaining the factors considered in denying his

challenges to the Government's garnishment orders arising from federal student loans he received in 2003 and 2008.

Under long-standing Supreme Court precedent, judicial review of agency decisions must be based upon the full administrative record before the agency when it made its decision. *See Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders*, 430 U.S. 99 (1977); *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555–56 (9th Cir. 1989). The validity of an agency's findings will "stand or fall on the propriety" of its decision based upon the full administrative record and the applicable standard of review, *i.e.* whether the decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. *Camp v. Pitts*, 411 U.S. 138, 143 (1973) (citing 5 U.S.C. § 706(2) (A)). "If that finding is not sustainable on the administrative record made, then the [agency's] decision must be vacated and the matter remanded to [it] for further consideration." *Id.*; *see also Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985) ("If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.")

"Generally, judicial review of agency action is limited to review of the record on which the administrative decision was based." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989). Courts in the Ninth Circuit will permit "expansion of the administrative record in four narrowly construed circumstances: (1) supplementation is necessary to determine if the agency has considered all factors and explained its decision; (2) the agency relied on documents not in the record; (3) supplementation is needed to explain technical terms or complex subjects; or (4) plaintiffs have shown bad faith on the part of the agency." *Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010).

Under very limited circumstances, a court "may require the administrative officials who participated in the decision to give testimony explaining their action." *Citizens to Pres. Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Sanders*,

430 U.S. 99 (1977). Again, such testimony is required only upon a strong showing that "the bare record [does] not disclose the factors that were considered or the Secretary's construction of the evidence," and "bad faith or improper behavior." *Id*. So, for instance, evidence showing that the proffered basis for an agency's decision is pretextual may justify extra-record discovery. *Dep't of Commerce v. New York*, __ U.S. __, 139 S. Ct. 2551, 2574 (2019) (evidence that rationale for census question offered by Secretary played insignificant role in decision established *prima facie* showing of pretext that justified ordering deposition of Acting Assistant Attorney General).

Here, plaintiff has failed to identify specifically any documents he contends should supplement the administrative records lodged by the Department. While he argues generally that the records "contain[n] no indication how the agency reached its decision" and that the Department did not consider his hardship, he does not specify any documents that do not appear in the administrative records, nor does he specify the subjects of any testimony he seeks to elicit to add to the records.[1]

Moreover, plaintiff has failed to set forth any basis for this Court to find that supplementation or discovery warranted due to a showing of pretext or necessity to explain the the decision (such as a showing of pretext) or a showing of the agency's bad faith. *See Fence Creek Cattle*, 602 F.3d at 1131.

Should Plaintiff seek to make a more specific showing of the need to supplement the record or engage in discovery, he shall explain that need in sufficient detail as part of his motion for summary judgment.

The Court's **MODIFIES** its previously issued scheduling order (Dkt. No. 38) as follows:

Defendants' Motion for Summary Judgment shall be filed first. Defendants shall file their motion no later than **April 7, 2020**. Plaintiff's Opposition and Cross-Motion (single brief) shall be

---

[1] Plaintiff argues that the record "begins at June 20, 2017, and skips to plaintiff's request for hearing and then to the letter from CCT regarding the class action on the student loan at page 10 of 75" which he contends "suggests an absence of documentation on whether the agency decisionmaker's conduct was based on all the documents plaintiff submitted in support of his request for administrative relief." It is unclear whether plaintiff is arguing that documents he submitted are missing from the record, or if instead he contends that the documents are there but were unacknowledged in the Department's decision.

3

filed by **April 28, 2020**. Defendant's Reply and Opposition to Cross-Motion (single brief) shall be filed by **May 19, 2020**. Plaintiff's Reply shall be filed by **June 9, 2020**.

This terminates Docket No. 46.

**IT IS SO ORDERED.**

Dated: March 20, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**