UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JEFFREY GEARHART**,<br><br>     Plaintiff,<br><br>  v.<br><br>**UNITED STATES DEPT. OF EDUC., ET AL.**,<br><br>     Defendants. | Case No. 19-cv-00750-YGR<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT; ENTERING JUDGMENT THEREON**<br><br>Re: Dkt. No. 52, 54 |

Plaintiff Jeffrey Gearhart brings the instant action for judicial review pursuant to the Administrative Procedure Act, 5 U.S.C. § 706(2)(A) ("APA"). Plaintiff seeks review of decisions issued June 20, 2017, July 3, 2018, and September 18, 2018 by the United States Department of Education denying his requests for hearing and appeals of administrative wage garnishment orders issued in connection with federal education loans.[1] Plaintiff contends that three categories of actions by Department were arbitrary, capricious, and contrary to law, namely denial of (1) his unenforceability objections to wage garnishment; (2) his financial hardship objections to wage garnishment; and (3) his request for an in-person hearing.

Defendants United States Department of Education, *et al*., (collectively, "the Department") submitted the certified administrative record in this action on December 13, 2019.[2] Defendants then moved for summary judgment on the grounds that their decisions were not arbitrary, capricious, or contrary to law under the APA or, in the alternative, that plaintiff's request for injunctive relief must be dismissed because such relief is barred by the limited waiver of sovereign

---

[1] *See* Dkt. No. 26 [First Amended Complaint, "FAC"]; Dkt. No. 35 [order granting motion to dismiss *Bivens* claim in FAC].

[2] Dkt. Nos. 39 (record of June 20, 2017 decision, "AR-I"); 40 (record of July 2, 2018 decision, "AR-II"); 41 (record of September 19, 2018, "AR-III").

immunity from suit against a government agency as stated in the Higher Education Act ('HEA'), 20 U.S.C. § 1070 *et seq*. (Dkt. No. 52.) Plaintiff has filed his cross-motion for summary judgment on his claims. (Dkt. No. 54.)

The Court has considered the parties' briefing, the certified administrative record,[3] and the pleadings herein and hereby **ORDERS** that the Department's motion for summary judgment is **GRANTED** and plaintiff's cross-motion is **DENIED**.

**I.     DISCUSSION**

    **A.     Validity of the Debt**

On February 2, 2017, plaintiff submitted a request for hearing to object to a wage garnishment, indicating in the form that: (1) he did not owe the full amount shown because he repaid some of the debt; and (2) that he believed the debt was not enforceable. (AR I at 6-8.) The Department issued a written Garnishment Hearing Decision on June 20, 2017, based on plaintiff's written submissions. (AR I at 1-4.) The Department found that the debt was enforceable based upon its records and upon plaintiff's failure to provide any evidence to support his claim that it was not valid. (*Id*. at 2.) The Department further found that plaintiff's claim that he did not owe the full amount shown was not supported by the evidence submitted, in particular because the records he provided did not indicate payments of his federal loan accounts. (*Id*.)

Plaintiff disputes the correctness of the Department's determinations on several grounds which the Court addresses briefly, in turn:

1. Plaintiff claimed during the administrative proceeding that he never attended Wyotech. There is no dispute that Plaintiff attended the Sequoia automotive school and that Sequoia

---

[3] The Department filed an objection to plaintiff's citation of extrinsic evidence in his reply briefing on the grounds that such materials are not part of the certified administrative record and the Court previously ordered that plaintiff had not demonstrated a basis for discovery and supplementation of the record. (*See* Dkt. No. 51.) Although plaintiff references materials outside the record, no such materials were submitted. As the Court previously explained, review under the APA is limited to the record upon which the decision was based. The objection is **SUSTAINED**.

The Court further notes that plaintiff's separate statement references Exhibits A and B to a declaration of plaintiff's counsel. However, no such declarations or exhibits appear in the Court's electronic docket. (*See, e.g.*, Dkt. No. 54-1 [responsive separate statement of facts] at 2:11-12, 22-28.) Had they been submitted, they appear to be matters outside the record on review here and therefore not properly before the Court.

1 changed its name to Wyotech.

2     2. Plaintiff contends that he could not have taken out the consolidation loans related to Wyotech because those loans were originated in 2003, after he graduated. In his attachment to the request for hearing, he submitted a letter to his counsel signed by Rose Riggs which stated "You'll see that Wyotech has a student loan in his name & we think this loan is fraudulent, made up by the school." (AR I at 9.) The Department found that plaintiff had failed to submit evidence to support his claim that loan debt was not enforceable.

    The origination of the consolidation loan is supported by the administrative record. (AR I at 16-20 (consolidation loan origination history record), 21 (consolidation loan verification certificate), 22-23 (borrower history and activity report), 30 (promissory note), 55-72 (NSLDS loan history).) Origination of a consolidation loan after graduation is not, in itself, suspect.

    3. Plaintiff argues that his loans related to attendance at the California Culinary Academy (CCA) were discharged pursuant to a class action settlement against CCA. Plaintiff submitted evidence in the administrative proceedings of a September 12, 2012 notice of class action settlement showing cancellation of a debt owed to CCA, as well as a letter from a private collection agency concerning settlement of debt owed to CCA. (*See* AR I at 10-11 ["Debt Owing to CCA . . . that will be cancelled: $8,035.29. . . . Forgiveness of Indebtedness to the California Culinary Academy and/or Career Education Corporation"]; *id*. at 12 [letter from private collection company indicating account re: CCA "has been settled in full"]). The decision found that evidence of cancellation of a debt owed to CCA was not sufficient to show that the federal loans in default were repaid, and that plaintiff had not provided other evidence to dispute the Department's records showing an unpaid balance on those loans.

    Plaintiff now argues, for the first time, that the "evidence that his private institutional debt from [CCA]—not his federal student loan debt—was attempted to be collected . . . and subsequently discharged based on [fraud]" should have "raised a red flag" for the Department that his federal loan debt arising from attendance at both CCA and Wyotech was fraudulent. (Dkt. No.

1    54 [plaintiff's cross-motion] at 1:28-2:4.)[4]  First, nothing in plaintiff's requests for hearing or his

2    FAC here raised the argument that the class action settlement or private collection efforts related

3    to money plaintiff owed to CCA showed that his federal loans were "fraudulent."  Rather, plaintiff

4    argued in the administrative proceedings that this evidence showed the CCA loans were paid off

5    (*see* AR I at 6-9) and alleged in the FAC that the settlement "entitled him to forgiveness of his

6    indebtedness for the loans associated with CCA."  (FAC ¶ 54.)  Indeed, the only mention of

7    "fraudulent" conduct that appears in the complaint or administrative record is an allegation in an

8    attachment to the request for hearing that the *Wyotech* loan was fraudulent because he never

9    attended that school.  (AR I at 9.)  Moreover, even if plaintiff had raised fraud in connection with

10   the CCA loans in his administrative objections or the FAC here, plaintiff did not present evidence

11   of fraud in the proceedings before the Department.[5]

12       The Court finds nothing arbitrary, capricious, or contrary to law in the Department's

13   decision that plaintiff failed to provide evidence of unenforceability or extinguishment of his

14   federal loan debt.  As stated in the Department's decision and confirmed by the Court's review of

15   the record here, plaintiff failed to submit proof of payment on the loans or evidence that the loan

16   records were not accurate.

17       **B.    Financial Hardship**

18       1. In his May 25, 2018 request for hearing, plaintiff objected on the grounds "that

19   garnishment in amounts equal to 15% of your disposable pay would cause financial hardship to

20   you and your dependents."  (AR II at 7.)  The request for hearing form indicates that such an

21   objection requires completion of a Financial Disclosure Form and submission of "copies of

22   earnings and income records, and proof of expenses, as explained on the form" which requests

---

[4] Plaintiff informed the Court that he has raised the same arguments concerning fraud in a Borrower Defense Application filed subsequent to the complaint herein.  The Court's decision on the merits of the FAC here does not pass upon the merits of that application.

[5] The June 20, 2017 decision also notified plaintiff of his right to request reconsideration based upon submission of new evidence or due to financial hardship.  (AR I at 3-4.)  In his subsequent May 25, 2018 request for hearing, plaintiff again checked the box indicating "I believe that this debt is not an enforceable debt in the amount stated for the reason explained in the attached letter" (AR II at 9) raised the enforceability issue but only attached attaching the same settlement notice and third-party collection letter with no further explanation.

copies of bills for each category of expenses and states (multiple times):

> **ENCLOSE: COPY OF YOUR MOST RECENT PAY STUBS AND COPIES OF MOST RECENT W-2s and 1040, 1040A, 1040EZ or other IRS FILING**

(*Id*. at 9, 13-15, emphasis in original.)

In its July 3, 2018 decision, the Department found that plaintiff had not submitted copies of paystubs, tax filings, or copies of utility bills listed on his Financial Disclosure Form. Thus, the Department determined:

> [i]n the absence of evidence to support the income and expenses that you claimed, on which you base your objection that garnishment as proposed in the notice will cause financial hardship, we conclude that your hardship objection is not proven and the claim is denied.

(*Id*. at 3.)

Plaintiff sought reconsideration of the financial hardship determination by way of his counsel's July 18, 2018 letter to the Department (AR III at 17.) However, he again failed to submit the paystub, tax, and utility bill documentation.

Plaintiff's argument, in his motion, that the Department never provided guidance on how it made its determination denying financial hardship is without merit. The Department's forms and decisions both set forth the evidence that was required and that denial of the objection would result in its absence. Plaintiff bore the burden to present evidence and failed to do so. *See* 34 C.F.R. § 34.14(b)(1) ("If you object that the proposed garnishment rate would cause financial hardship, you bear the burden of proving by a preponderance of the credible evidence that withholding the amount of wages proposed in the notice would leave you unable to meet the basic living expenses of you and your dependents."); 34 C.F.R. § 34.24(d) ("(1) You bear the burden of proving a claim of financial hardship by a preponderance of the credible evidence. (2) You must prove by credible documentation - (i) The amount of the costs incurred by you . . . for basic living expenses; and (ii) The income available from any source to meet those expenses.")

2. In his May 2018 request, plaintiff also raised an additional objection to garnishment that he "was involuntarily terminated from [his] last employment and [had] been employed in [his] current job for less than twelve months" (AR II at 9), which he argues demonstrates financial

hardship.

The May 2018 Request for Hearing Form indicates that a request on these grounds requires submittal of a statement from the current employer showing the date of hire and a statement from the prior employer showing involuntary termination. (*Id*.) To his May 25, 2018 request, plaintiff attached a financial disclosure statement form indicating that he was employed with Amazon as of October 18, 2016. (*Id*. at 13.) Plaintiff had previously submitted a document appearing to be a printout from an Amazon website showing the same date of employment. (AR I at 38.) Nowhere in the administrative record does there appear evidence concerning involuntary termination from plaintiff's prior employment.[6]

Based on the foregoing, and the Court's thorough review of the administrative record, plaintiff has not shown that the Department's decisions denying his financial hardship or his prior involuntary termination objections were arbitrary, capricious, or contrary to law.

### C.  Denial of Request for an In-Person Hearing

Plaintiff's February 2, 2017 and May 25, 2018 Requests for Hearing both checked the box on the form indicating that he requested an in-person hearing to present his objections. (AR I at 6, AR II at 7.) The Department denied these requests on the grounds that plaintiff did not provide sufficient information or explanation why his objections could not be resolved through review of the documentary evidence. (AR I at 2; AR II at 1.)

Plaintiff argues that he was improperly denied an in-person hearing because "the validity of [his] claim turns on the credibility or veracity of witness testimony." (FAC ¶ 62.) However, no such basis was stated in plaintiff's Requests for Hearing. Thus, the administrative record does not support plaintiff's request. Further, plaintiff, to date, has not articulated what relevant testimonial

---

[6] Plaintiff contends that the Department used its own delay to justify denying his objection based on involuntary termination, since he submitted an objection on those grounds in August 28, 2017 along with the documentation from Amazon but received no decision on it. (*See* AR I 33-43.) While earlier consideration of his October 2016 hiring would have put the new job within the 12-month window, plaintiff's August 28, 2017 submission was, like his other submissions, missing evidence of involuntary termination at his previous employment, as well as any other documentation of financial hardship. Thus, any delay in the Department's consideration of his involuntary termination objection could not have resulted in prejudice to plaintiff.

evidence he might present on the issues he raised in his objections.

The statutory framework for wage garnishment determinations only requires that there be a "hearing" on the objection either on the written records or in-person. 20 U.S.C. § 1095a(a)(5), (b); 31 U.S.C. § 3720D(b)(5), (c). A party must request an oral hearing and show "a good reason to believe that we cannot resolve the issues in dispute by review of the documentary evidence, by demonstrating that the validity of the claim turns on the credibility or veracity of witness testimony." 34 C.F.R. § 34.9(a)(2). The decision whether to provide an oral hearing is at the discretion of the Department. 34 C.F.R. § 34.8(b).

Based upon the Court's review of the administrative record, plaintiff's requests for hearing here failed to establish a basis for an oral hearing under the regulations. The Department's decision to proceed by way of a written hearing, not an in-person one, was not arbitrary, capricious, or contrary to law.[7]

## II. CONCLUSION

For the foregoing reasons, the Department's motion for summary judgment on all claims in the FAC is **GRANTED** and plaintiff's cross-motion for summary judgment is **DENIED**.

Judgment in favor of the Department is **ORDERED, ADJUDGED, AND DECREED HEREON**.

This terminates Docket Nos. 52 and 54 and terminates the within action.

**IT IS SO ORDERED.**

Dated: December 22, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[7] In his cross-motion, plaintiff raises an additional basis for his APA claims for the first time: that the Department refused to turn over his "NLSD documents after being requested to do so" which "prevented [him] from submitting enough documentation to dispute the debt because only the defendants had access to [his] files." (Cross Motion, Dkt. No. 54 at 4:22-25.) Contrary to this assertion, the administrative record seems to indicate that plaintiff was sent copies of all documents in his file (AR I at 15.) However, given that this alleged basis for relief was not alleged in the FAC, the claim is not properly before the Court. To the extent his cross-motion is based on these grounds, it is denied.